UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.           Case No. 08-CR-298

JAMES A. LIPSEY,

    Defendant.

ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION (Doc. # 18), DENYING DEFENDANT'S MOTION TO QUASH SEARCH WARRANT AND SUPPRESS EVIDENCE (Doc. # 15), AND SETTING FINAL PRETRIAL CONFERENCE AND TRIAL DATES

  On April 30, 2009, this court granted defendant James Lipsey's Motion for Appointment of New Counsel, and on May 8, 2009, after new counsel was appointed, referred the case to Magistrate Judge Aaron Goodstein for consideration of pretrial motions. The defendant filed a Motion to Quash Search Warrant and Suppress Evidence (Doc. # 15) on May 22, 2009, and on June 16, 2009, Judge Goodstein issued a Recommendation that this court deny the motion. The defendant now objects to Judge Goodstein's Recommendation.

  On dispositive matters and certain other matters enumerated in § 636(b)(1)(A), including motions to suppress evidence, a magistrate judge may only propose findings and make recommendations. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(b)(1). A district court must review de novo the recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2), (3). However, portions of a recommendation to which no party objects are reviewed for

clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Thus, the de novo standard of review applies only to matters on which a party objects to a magistrate judge's recommendation (rather than an order) on the issues set forth in § 636(b)(1)(A) and Fed. R. Crim. P. 59(b)(1). § 636(b)(1)(A)-(C); Fed. R. Crim. P. 59(b).

In his motion, Lipsey argues that the search warrant at issue should be quashed and evidence recovered be suppressed because the affidavit supporting the search warrant failed to establish probable cause. The search warrant was issued by the state court judge based on facts contained in the police officer's supporting affidavit, which were supplied by a confidential informant ("CI"). The defendant asserts that the affidavit is insufficient as to the CI because it lacked sufficient detail regarding, among other things, the reason why the CI had been present at the target residence, as well as the nature of the CI's relationship to the defendant. Further, the defendant submits that the CI's credibility is significantly weakened by the lack of a statement against penal interests, and indications that the CI was in custody when the CI decided to speak with law enforcement about the defendant.

As recognized by Judge Goodstein, "[p]robable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008) (quoting *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008)); *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "It requires only a probability, not absolute certainty, that evidence of a crime may be found." *Id.* (citing *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006)). When the affidavit includes information supplied by an informant, courts are to consider:

> (1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant.

*Id.* (citing *Garcia*, 528 F.3d at 486). Reviewing courts will "defer to the determination of the warrant-issuing judge that probable cause existed so long as 'there is substantial evidence in the record supporting the judge's decision.'" *Id.* (quoting *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002)).

Upon review of the record, the court agrees with Judge Goodstein that the issuing judge could reasonably conclude that the affidavit in support of the warrant set forth sufficient facts to establish probable cause. It is not disputed that the police corroborated certain information provided by the CI, the CI knew of the defendant's criminal history, the CI's information about the location was based on recent firsthand observations, and the time between the events and the application for the warrant was short (the affidavit states that the CI "observed the three guns and crack-cocaine at 1619 - 16th Street # 5 within in the last 72 hours"). Under the circumstances, Judge Goodstein's statement that additional information as to why the CI was in the residence would be helpful, but is not required, is consistent with *United States v. Garcia* and similar cases. *See* 528 F.3d at 486 (7th Cir. 2008) ("We agree with the government that, under a totality-of-the-circumstances analysis, this information is not required to establish probable cause, but it certainly would have helped."). Therefore, upon de novo review of the motion and supporting materials,

IT IS ORDERED that the Magistrate Judge's Recommendation Regarding the Defendant's Motion to Suppress (Doc. # 18) is adopted, and for the reasons set forth

by the magistrate judge, the Motion to Quash Search Warrant and Suppress Evidence (Doc. # 15) is denied.

IT IS FURTHER ORDERED that a final pretrial conference in the above matter is set for August 20, 2009, at 11:00 a.m., and a jury trial is set for August 31, 2009, at 8:30 a.m.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

- 4 -